# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES | ) |
| --- | --- |
| | ) CR 10-187 |
| | ) CV 13-1415 |
| v. | |
| DEQUILLARAE ZELLOUS | |

## OPINION AND ORDER

## SYNOPSIS

In this action, Defendant entered a plea of guilty to one count of violating 21 U.S.C. §§ 846 and 841. On January 9, 2013, he was sentenced to a term of imprisonment of 120 months, followed by eight years of supervised release. On appeal, the Court of Appeals granted the Government's Motion to enforce Defendant's waiver of appellate rights present in his plea agreement. Defendant filed a Motion pursuant to 28 U.S.C. § 2255, which I denied by Order dated October 16, 2013. Presently, he has filed a Request for Certificate of Appealability. For the following reasons, the Request will be denied.

## OPINION

### I. APPLICABLE STANDARDS

**A. Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), a "certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right." Because this inquiry rests on the outcome of Defendant's Section 2255 Motion, and my October 16 Order was brief, I take this opportunity to more thoroughly set forth the grounds for that Order.

**B. Section 2255**

Relief is available under Section 2255 only under exceptional circumstances, when the claimed errors of law are "a fundamental defect which inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962). A district court need not hold an evidentiary hearing on a Section 2255 motion if the motion, files, and records show conclusively that the defendant is not entitled to relief. United States v.Ritter, 93 Fed. Appx. 402 (3d Cir. 2004). Under these standards, a hearing is unnecessary in this case, and the Motion will be disposed of on the record.

Finally, a pro se pleading is held to less stringent standards than pleadings drafted by attorneys. Estelle v. Gamble, 429 U.S. 97, 106, 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 s. ct. 285, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976); Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). Thus, a pro se habeas petition should be construed liberally. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998). I have considered Defendant's Motion according to these standards.

### C. Ineffective Assistance of Counsel

Under applicable standards, Defendant must meet a two-pronged test: "(1) that counsel's representation fell below an objective standard of reasonableness; and (2) that there is a reasonable probability that, but for counsel's error, the result would have been different." Rolan v. Vaughn, 445 F.3d 671, 681 (3d Cir. 2006). To meet the first prong, a defendant must first show that counsel's performance fell below "the wide range of professionally competent assistance." Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674. Counsel's conduct must be assessed according to the facts of the particular case, viewed as of the time of counsel's conduct. Id. at 689. To meet the prejudice prong, the pertinent question is

"whether there is a reasonable probability that, absent the errors," the result would have been different. Id. at 695; see also United States v. Gray, 878 F.2d 702, 709-13 (3d Cir. 1989). The prejudice prong of Strickland rests on "whether counsel's deficient performance renders the result of the . . . proceeding fundamentally unfair," or strips the defendant of a "substantive or procedural right to which the law entitles him." Id. at 844.

## II. DEFENDANT'S REQUEST

In this case, Defendant entered into a plea agreement that waived his right to file a motion to vacate sentence. Generally, waivers of the right to appeal and to collateral attack are valid if entered into knowingly and voluntarily, and will divest the district court of jurisdiction over a collateral attack. United States v. Khattak, 273 F.3d 557, 558 (3d Cir. 2001); United States v. Whitaker, No. 02 90 03, 2005 U.S. Dist. LEXIS 23884, at **5 6 (E.D. Pa. Oct. 18, 2005). Claims challenging the voluntariness of the waiver, or the effectiveness of counsel with respect to the waiver itself, however, may survive. Whitaker, 2005 U.S. Dist. LEXIS at **5 6. Similarly, courts will consider an ineffectiveness claim that relates directly to the negotiation of the waiver itself. United States v. Fagan, No. 04 2176, 2004 U.S. Dist. LEXIS 22456, at **9 11 (E.D. Pa. Oct. 4, 2004). In assessing the record, I am mindful that "absent clear and convincing evidence to the contrary, a court must presume the veracity of a defendant's statements made while under oath in open court." Morris v. United States, No. 04-1570, 2008 U.S. Dist. LEXIS 31295, at *14 (D. Del. Apr. 16, 2008).

Presently, Defendant does not make any substantive claim that relates specifically to the negotiation or voluntariness of the waiver at issue. At the plea hearing on September 7, 2012, counsel for the Government clearly stated the terms of the agreement on the record, including the

waiver of appellate and collateral attack rights. I asked Defendant whether he heard what counsel said, and Defendant responded, "Yes, ma'am." When asked whether he understood what counsel said, his response was the same; he again answered, "Yes, ma'am," when asked whether he agreed that counsel's statement correctly described his agreement with the Government.

Thereafter, the following exchange occurred:

| | |
|---|---|
| Court: | Do you understand that ordinarily, you or the government may have the right to appeal any sentence that I impose, however, in the plea agreement, you have up the right to appeal your conviction or sentence subject to three very narrow exceptions which are unlikely to happen. One is if the government appeals, you can appeal. Secondly, if my sentence exceeds the statutory limits set forth in federal law, you can appeal…Finally, if my sentence exceeds the applicable advisory guideline range that applies to this case unreasonably, then you could appeal. As I said, all of those are very unlikely. Do you understand that? |
| Defendant: | Yes, ma'am. |
| Court: | You have also given up the right to file a collateral proceeding attacking your conviction or sentence and a motion to vacate your sentence, do you understand that? |
| Defendant: | Yes, ma'am. |

At no time during the proceeding did Defendant indicate in any way that he misunderstood or was misadvised about any part of the plea agreement. The plea colloquy was thorough and clear, and revealed no evidence of duress, confusion, or any other characteristic that might reveal an involuntary or unknowing act.

In determining whether a waiver is valid, after verifying that it was knowing and voluntary, a court should ensure that enforcing the waiver will not result in a miscarriage of justice. United States v. Goodson, 544 F.3d 529, 536 (3d Cir. 2008). A court may invalidate a waiver if its enforcement works a miscarriage of justice. Khattak, 273 F.3d at 558. In order to

determine whether enforcing a waiver will result in such a miscarriage, a court may consider "the clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result." Id. at 563.   Ineffective assistance of counsel that prevented a Defendant from understanding his plea may result in a miscarriage of justice.  See United States v. White, 390 Fed. Appx. 114, 116 (3d Cir. 2010).

Defendant, however, has not made the showing required to invalidate the waiver.  A non-existent or questionable error cannot be of sufficient gravity, character, or impact to weigh in favor of quashing a waiver.  Defendant avers that counsel was ineffective generally, for failing to develop any defense strategy, and more particularly due to a conflict of interest between counsel and Defendant, and counsel's failure to apprise him of an 851 notice.[1]  Given Defendant's sworn, in-court answers during the plea colloquy, in addition to the terms of his written, signed plea agreement, these averments are insufficient to entitle Defendant to relief.   The record contains no suggestion of any deficiencies in counsel's performance that would permit a finding of constitutional ineffectiveness impacting the waiver.

## CONCLUSION

For the foregoing reasons, Defendant has not made a substantial showing of the denial of a constitutional right, and no certificate of appealability shall issue.  An appropriate Order follows.

---

[1] 21 U.S.C. 8519(a)(1) requires the Government to provide notice to Defendant, which it did.  Defendant complained that his counsel did not share the notice with him until September 6, 2012, and that this tardy revelation prevented him from challenging the validity of the notice.   Defendant had many opportunities to challenge the notice, however, prior to his January 9, 2013 sentencing.

# ORDER

AND NOW, this 24th day of October, 2013, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Request for Certificate of Appealability (Docket No. [760]) is hereby DENIED. No certificate of appealability shall issue.

BY THE COURT:

/s/Donetta W. Ambrose

_____

Donetta W. Ambrose

Senior Judge, U.S. District Court