IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES | ) |
| | ) |
| V. | ) No. 10-187 |
| | ) |
| DEQUILLARAE ZELLOUS | ) |

**MEMORANDUM ORDER**

In this action, on September 7, 2012, Defendant pleaded guilty to a lesser included offense involving conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin. A pre-plea presentence investigation report was prepared, which observed that the applicable Guideline range was 57-71 months of imprisonment, but that "based on the mandatory statutory minimum," Defendant would be subject to a term of 120 months. At the September 7, 2012 plea hearing, this Court advised Defendant that if he were to be convicted at trial, the penalty would include not less than ten years in prison. The Court then accepted the parties' Fed. R. Crim. P. 11(c)(1)(C) agreement. On January 9, 2013, Defendant was sentenced to a term of imprisonment of 120 months. The Court of Appeals granted the Government's Motion to enforce the appellate waiver in Defendant's plea agreement. Subsequently, this Court denied Defendant's Motion pursuant to 28 U.S.C. § 2255, and both this Court and the Court of Appeals denied a certificate of appealability.

By Motion filed on April 16, 2015, Defendant sought a reduction in his sentence pursuant to U.S.S.G. Amendment 782. By Order dated June 15, 2015 ("June 15 Order"), this Court denied the Motion, finding that Defendant was ineligible for the reduction because he had been sentenced to the mandatory minimum for the offense of conviction. This Court's Order did not

1

refer to Defendant's Rule 11(c)(1)(C) plea agreement.  On July 28, 2015, the Court of Appeals granted the Government's Motion for summary action, finding that this Court correctly denied Defendant's Section 3582 Motion because Defendant had been sentenced to a mandatory minimum.

Before the Court is Defendant's second Motion for a sentence reduction pursuant to Section 3582, in which he asserts that this Court incorrectly found him ineligible for a sentence reduction due to his 11(c)(1)(C) agreement.  According to Hughes v. United States, 138 S. Ct. 1765, 1774 (2018), he argues, a Defendant who entered into an 11(c)(1)(C) agreement may remain eligible for a sentence reduction pursuant to 18 U.S.C. § 3582.

To the extent that Defendant intends his Motion as one for reconsideration of this Court's June 15 Order, I note that motions for reconsideration are to be granted sparingly.  This is so, "[b]ecause federal courts have a strong interest in finality of judgments." Continental Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D.Pa. 1995). The purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

Defendant's agreed-upon sentence does not categorically preclude him from a sentence reduction, but neither does it categorically entitle him to relief.   Pursuant to Section 3582, a court may reduce a term of imprisonment in the case of a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).  "Every Circuit to consider the question agrees that offenders sentenced to statutory minimum terms of imprisonment (where the two narrow exceptions to statutory minimum sentences do not apply[)]…are ineligible for

sentence reductions under recent retroactive amendments to the Guidelines drug-sentencing provisions." United States v. Summerville, No. 08-603, 2016 U.S. Dist. LEXIS 62110, at *4 (E.D. Pa. May 10, 2016) (citations omitted).

In Hughes, the Supreme Court indicated that sentences imposed pursuant to an 11(c)(1)(C) agreement may still be "based on" a Guidelines range, within the meaning of Section 3582, because "the Guidelines are a district court's starting point." Hughes, 138 S. Ct. at 1770. In Koons v. United States, 138 S. Ct. 1783, 1787 (2018), however, the Supreme Court noted that a Guidelines range can be "overridden" by "a congressionally mandated minimum sentence." It further stated:

> It is true that our cases require sentencing judges to calculate the now-advisory Guidelines range in every sentencing proceeding… [I]t does not follow that any sentence subsequently imposed must be regarded as "based on" a Guidelines range. What matters, instead, is the role that the Guidelines range played in the selection of the sentence eventually imposed—not the role that the range played in the initial calculation. …[W]hile consideration of the ranges may have served as the "starting point" in the sense that the court began by calculating those ranges, the ranges clearly did not form the "foundation" of the sentences ultimately selected.

Id. at 1789.

Here, Defendant's sentence was not "based on" a Guidelines range, and he is not entitled to relief under Section 3582. Hughes does not alter the conclusion previously reached by both this Court and the Court of Appeals. Defendant's Motion must be denied.

AND NOW, this 9th day of August, 2018, IT IS SO ORDERED.

BY THE COURT:

_/s/ Donetta W. Ambrose_
_____
Donetta W. Ambrose

Senior Judge, U.S. District Court